UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DONALD WILLIAMS

            VERIFIED
            COMPLAINT

          PLAINTIFF,

-against-

            JURY DEMAND

THE UNITED STATES DEPARTMENT OF
HOUSING & URBAN DEVELOPMENT
&
THE NEW YORK CITY HOUSING
AUTHORITY,
&
HUGH O' KANE ELECTRIC
COMPANY, INC.,

-----------------------------------------------------------------X

## JURISDICATION

1. THIS ACTION IS BROUGHT PURSUANT TO 42 U.S.C. 1983 AND SECTION 3 OF THE HOUSING AND URBAN DEVELOPMENT ACT OF 1968, 12 U.S.C. 1701U, 24C.F.R.135 & THE XIV AMENDMENT OF THE UNITED STATES CONSTITUTION.

## PARTIES

2. THE PLAINTIFF HEREIN, DONALD WILLIAMS, IS A RESIDENT OF THE STATE OF NEW YORK AND IS AND APPROVED RESIDENT OF N.Y.C.H.A. ARVERNE / EDGEMERE HOUSES, 309 BEACH 54 STREET, APT# 1C ROCKAWAY NEW YORK 11692

3. UPON INFORMATION AND BELIEF, DEFENDANT UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, IS AND WAS AT ALL TIMES MATERIAL HERETO A GOVERNMENT ENTITY SET UP BY CONGRESS TO IMPLEMENT AND ENFORCE SECTION 3 REGULATIONS FOR

FINANCIAL ASSISTANCE TO BE PROVIDED TO LOW- AND VERY LOW-INCOME PERSONS, PARTICULARLY THOSE WHO ARE RECIPANTS OF GOVERNMENT ASSISTANCE FOR HOUSING, AND TO BUSINESSES THAT PROVIDE ECONOMIC OPPORTUNITIES FOR THOSE PERSONS.

4. THAT ALL TIMES MATERIAL HERETO, DEFENDANT NEW YORK CITY HOUSING AUTHORITY 250 BROADWAY 9TH FLOOR NEW YORK, NEW YORK 10007 WAS A MUNICIPAL CORPORATION ORGANIZED UNDER THE LAWS OF THE STATE OF NEW YORK.

5. UPON INFORMATION AND BELIEF, AND ALL TIMES MATERIAL HERETO, DEFENDANT N.Y.C.H.A., ITS AGENTS, SERVENTS, AND EMPLOYEES, OWNED AND OPERATED, MAINTAINED AND CONTROLLED THE EDGEMERE HOUSES AS A HOPE IV PROGRAM SITE AND WAS A PARTICIPANT IN THE SECTION 3 PROGRAM.

6. THAT ALL TIMES MATERIAL HERETO DEFENDANT HUGH O KANE ELECTRICAL 90 WHITE STREET NEW YORK, NEW YORK 10013 WAS A CORPORATION LAWFULLY DOING BUSINESS IN THE STATE OF NEW YORK.

## AS FOR A CAUSE OF ACTION

7. UPON INFORMATION AND BELIEF, IN 2005 DEFENDANT HUGH O KANE ELECTRICAL WAS CONTRACTED BY N.Y.C.H.A. TO PERFORM WORK UNDER ITS HOPE IV REVITILIZATION PROGRAM , IN THE EDGEMERE HOUSES AND AMONG OTHER THINGS, WAS TO HIRE RESIDENT UNDER ITS ( R.E.P.) SECTION 3 HIRING PLAN.

8. UPON INFORMATION AND BELIEF PLAINTIFF IS A UNION MEMBER OF LOCAL # 3 ( I.B.E.W.) INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS.

9. SAID PLAINTIFF, A LEGAL RESIDENT OF N.Y.C.H.A. REQUESTING EMPLOYMENT THROUGH 24 C.F.R. 135 GOVERNMENT STATUE, AT SAID EDGEMERE SITE WITH HUGH O KANE ELECTRICAL.

10. UPON INFORMATION AND BELIEF SAID CONTRACTOR CERTIFIES THAT IT WILL COMPLY WITH THE RESIDENT EMPLOYMENT PROGRAM REQUIREMENTS OF NYCHA GENERAL CONDITION AGREMENT.

11. ON OR ABOUT MAY 9, 2005 PLAINTIFF DID SPEAK TO ON SITE AGENT OF HUGH O KANE ELECTRIC GENE LEHNERT, AND WAS GIVEN THE BUSINESS CARD OF SAID CONTRACTER.

12. ON MAY 10, SAID PLAINTIFF DID PERSONALY GO TO SAID OFFICE OF SAID COMPANY TO FIND OUT ABOUT PLACEMENT WITHEN RESIDENT EMPLOYMENT PLAN.

13. PLAINTIFF DID NOTIFY SAID DEFENDANT BY CERTFIED MAIL

AND IN PERSON, THAT PLAINTIFF IS A MEMBER OF LOCAL 3 IBEW AND THAT PLAINTIFF WAS A LEGAL SECTION 3 RESIDENT OF SAID DEVELOPMENT EDGEMERE / ARVERNE HOUSES AS PERTAINING TO DEFENDANT CONTRACT OBLIGATION.

14. PLAINTIFF WAS TOLD TO GO BACK TO EDGEMERE HOUSES AND SEEK OUT SAID PROJECT MANAGER GENE LEHNERT.

15. ON OR ABOUT MAY 13, 2005 PLAINTIFF SPOKE TO ONE PROJECT MANGER OF HUGH O KANE GENE LEHNERT AND WAS TOLD TO GO TO THE UNION.

16. PLAINTIFF THEN WENT BACK TO SAID PROJECT MANAGER AND ADVOCATED TO HIM THAT PLAINTIFF NEEDED A REFERAL FROM SAID COMPANY, TO SATISFIY THE UNION.

17. ON OR ABOUT MAY 25, 2005 PLAINTIFF WENT BACK TO SAID PROJECT MANAGER AND STATED TO HIM THAT NO ONE HAS BEEN HIRED FROM SAID LOCATION SAID MANAGER STATED THAT HE COULDN'T AUTHORIZE IT

18 ON OR ABOUT MAY 27, 2005 PLAINTIFF SPOKE TO SAID PROJECT MANAGER AGAIN, AND AGAIN WAS TOLD THAT HE COULDN'T AUTHORIZE IT, AND THAT I PLAINTIFF SHOULD SPEAK TO THE HOUSING AUTHORITY. .( AND THAT THEY SHOULD BE ABLE TO GRANT AUTHORIZATION, SO PLAINTIFF COULD BE PUT TO WORK )

19 ON OR ABOUT JUNE 14, 2005 PLAINTIFF DID SPEAK TO ONE MANNY PLANQUE AT 350 LIVINGSTON AND WAS TOLD THAT GARY SMOKES DIRECTOR OF SECTION 3 DIDN'T WANT TO GIVE PLAINTIFF THE AUTHORIZATION ON SAID JOB, AND THAT PLAINTIFF COULDN'T BE HELPED.

20 ON OR ABOUT JULY 8, 2005 PLAINTIFF WENT BACK TO 350 LIVINGSTON AND AGAIN SPOKE TO MANNY PLANQUE AND WAS TOLD HE DID NOT HAVE NOTHING TO DO WITH HUGH O KANE ELECTRICAL , AND THAT HE COULD NOT HELP SAID PLAINTIFF.

21 SAID AGENTS OF N.Y.C.H.A. WAS PERFORMING THERE DUTYS WITH GROSS NEGLIGENCE, AND RECKLESSNESS, AND THROUGH IT'S FAILURE TO TRAIN AND SUPERVISE, N.Y.C.H.A. HAS BEEN AND CONTINUES TO BE DELIBERATELY INDIFFERENT TO THE RIGHTS OF CITIZENS RIGHTS TO BE FREE FROM UNCONSTITUTIONAL ACTS AND PRACTICES WHICH RESULT IN DELIBERATE CONSTITUTIONAL VIOLATIONS.

22   ON OR ABOUT DECE   PLAINTIFF FILED A COMPLAINT AGAINST NYCHA WITH HUD STATING HE WAS BEING DENIED EMPLOYMENT UNDER SECTION 3.

23   SUBSEQUENTLY, H.U.D RENDERED ITS DECISION IN A LETTER DATED MAY 30 2006, FINDING INTER-ALIA THAT HUGH O KANE DID NOT HIRE ANY NEW EMPLOYEES UNDER THE CONTRACT. THE CONTRACTER HAD NO NEW HIRES FOR THE CONTRACT.

24   ACCORDINGLY IN 5 BUSINESS DAYS OF RECIPT OF H.U.D.S LETTER, PLAINTIFF REQUESTED IN WRITING A RECONSIDERATION OF H.U.D.S FINDINGS ON THE GROUND THAT PLAINTIFF WAS ELIGIBLE FOR SECTION 3 HIRING

24   IN ITS RESPONSE DATED MAY 8, 2007 TO PLAINTIFF H.UD. STATED THAT THERE WAS NO NEW EVIDENCE TO CAUSE A CHANGE IN THE DECISION, AND ADVISED PLAINTIFF THAT HE HAD THE RIGHT TO SEEK LEGAL REDRESS

25   UPON INFORMATION AND BELIEF H.U.D. IS WRONG IN ITS FINDINGS.

26   SAID AGENTS OF H,U.D. & N.Y.C.H.A. WERE PERFORMING THERE DUTYS WITH GROSS NEGLIGENCE AND CARELESSNESS, AND THROUGH ITS FAILURE TO TRAIN AND SUPERVISE N.Y.C.H.A. AND H.U.D. HAS AND CONTINUES TO BE DELIBERATELY INDIFFERENT TO THE RIGHTS OF ITS CITIZENS TO BE FREE FROM UNCONSTITUIONAL ACTS AND PRACTICES WHICH RESULTS IN DELIBERATE CONSTITUTIONAL VIOLATIONS.

27   H.U.D. & N.Y.C.H.A. HAVE A PRACTICE POLICY AND CUSTOM OF FAILING TO PROPERLY TRAIN, SUPERVISE AND MONITOR ITS AGENTS CONDUCT AND PRACTICES TO EFFECTUATE DEPRIVATION OF LIBERTY BY PREPARING HARMFULL AND INACCURATE AND AMBIGUOUSE REPORTS, THAT THE POLICY RESULTS IN AN INACCURATE DECISIONS , DESPITE PLAINTIFF OBJECTIONS, REMAINED STILL INACCURATE .

AS FOR A SECOND CAUSE OF ACTION

28   PARAGRAPHS 1-21 ARE INCORPORATED BY REFRENCE HEREIN AND MADE AS PARAGRAPH 2

29   PLAINTIFF ALLEDGE THAT HE HAS BEEN INTENTIONAL TREATED DIFFERENTLY FROM OTHER SECTION 3 SIMILARLY SITUATED BY BOTH PARTIES, ( UNDER HUGH O'KANE & N.Y.C.H.A. OBLIGATION ) AND THERE WAS NO RATIONAL BASIS FOR THE DIFFERENCE IN TREATMENT.

30      BOTH DEFENDANT HAVE VIOLATED PLAINTIFF 14 AMENDMENT RIGHTS OF EQUAL PROTECTION OF THE LAW, DEFENDANT N.Y.C.H.A. ACTIONS WERE MOTIVATED BY ILL WILL RESULTING FROM A PREVIOUS FILING OF A UNRELATED LAW SUIT THAT IS PENDING IN THE COURTS.

### AS FOR A THIRD CAUSE OF ACTION

31      PARAGRAPHS 1-2 ARE INCORPORATED BY REFRENCE HEREIN AND MADE AS PARAGRAPH 25

32      PLAINTIFF ALEDGE THAT BOTH DEFENDANT DID VIOLATE PLAINTIFF 14 AMENDMENT RIGHTS TO

33      THE SAID OCCURANCE AND THE INJURIES AND DAMAGES TO THE PLAINTIFF, RESULTING THEREFROM WAS CAUSED SOLELY AND WHOLLY BY REASONS OF THE NEGLIGENCE, CARELESSNESS AND RECKLESSNESS OF PLAINTIFF, XIV AMENDMENT CONSTITUTIONAL RIGHTS TO EQUAL PROTECTION OF THE LAW BY H.U.D. , N.Y.C.H.A. AND HUGH O' KANE ELECTRICAL COMPANY.

34  **WHEREFORE** , PLAINTIFF REQUEST JUDGEMENT AGAINST THE DEFENDANT AS FOLLOWS:

    A) AS FOR CAUSE OF ACTION IN THE AMOUNT OF $400,000

    B) $160,000 FOR THE SECOND CAUSE OF ACTION

    C) $160,000 FOR THE THIRD CAUSE OF ACTION

    D) ALL INTEREST AND COSTS FOR THE DISBURSEMENT OF THIS ACTION, AND SUCH OTHER AND FURTHER RELIEF THAT WOULD BE JUST AND PROPER BY LAW.

    D) AND SUCH OTHER AND FURTHER RELIEF THAT WOULD BE JUST AND PROPER BY LAW.

Respectfully
Submitted

May 26, 2008

Donald Williams
309 Beach 54 St #1C
ROCKAWAY NEW YORK 11693

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
DONALD WILLIAMS

                                                           PLAINTIFF,           VERIFICATION

                        -against-

UNITED STATES DEPARTMENT OF HOUSING
AND URBAN DEVELOPMENT &
NEW YORK CITY HOUSING AUTHORITY &
HUGH O' KANE ELECTRICAL COMPANY.,

                                         DEFENDENT.
-------------------------------------------------------------------------X

STATE OF NEW YORK  )
                            ) SS.
COUNTY OF KINGS    )

I, DONALD WILLIAMS, BEING DULY SWORN, DEPOSES AND SAYS:

THAT I AM THE PLAINTIFF NAMED IN THE ABOVE ENTITLED ACTION, AND I HAVE READ THE VERIFIED COMPLAINT AND KNOW THE CONTENTS THEREOF. THAT THE VERIFIED COMPLAINT IS TRUE TO MY KNOWLEDGE, TO MATTERS ALLEGED ON INFORMATION AND BELIEF, AND THAT AS TO THOSE MATTERS I BELIEVE IT TO BE TRUE.

                                                                         _____
                                                                         DONALD WILLIAMS

SWORN TO BEFORE ME ON THIS
12 DAY OF MAY    ,2008

*Angel D Jefferson*
ANGEL D JEFFERSON
Notary Public - State of New York
NO. 01JE6149831
Qualified in Kings County
My Commission Expires 7/12/10